CONOVER LAW OFFICES
Bradford D. Conover, Esq. (CT-01741)
345 Seventh Avenue, 21st Floor
New York, New York 10001
Tel: (212) 588-9080
Email: brad@conoverlaw.com

TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Email: johntroy@troypllc.com

*Attorneys for the Plaintiff, proposed FLSA
Collective and potential Rule 23 Class Plaintiffs*

**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**
-----------------------------------------------------------X
ZHENHAI WEI,
FANGQIONG ZHONG,
JUNJIE ZHU, and
FANHE MENG,
*on their own behalf and on behalf of others similarly situated*

        Plaintiffs,
       v.
SICHUAN PEPPER INC d/b/a Sichuan Pepper;
MICHAEL SHIEH, and
"JANE" YE

        Defendants.
-----------------------------------------------------------X

**Case No. 18-cv-02154**

**29 U.S.C. § 216(b)
COLLECTIVE ACTION &
FED. R. CIV. P. 23 CLASS
ACTION**

**COMPLAINT**

   Plaintiffs ZHENHAI WEI, FANGQIONG ZHONG, JUNJIE ZHU, and FANHE MENG (hereinafter referred to as Plaintiffs), on behalf of themselves and others similarly situated, by and through their attorney, Troy Law, PLLC and Conover Law Offices, hereby bring this complaint against Defendants SICHUAN PEPPER INC d/b/a Sichuan Pepper and MICHAEL SHIEH, and "JANE" YE, and allege as follows:

## INTRODUCTION

1. This action is brought by the Plaintiffs ZHENHAI WEI, FANGQIONG ZHONG, JUNJIE ZHU, and FANHE MENG, on behalf of themselves as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and of the Connecticut Minimum Wage Act ("CMWA"), Connecticut General Statutes Section 31-68 *et seq.*, arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and CMWA by engaging in pattern and practice of failing to pay its employees, including Plaintiffs, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages (3) liquidated damages, (4) prejudgment and post-judgement interest; and or (5) attorney's fees and cost.

4. Plaintiffs further allege pursuant to the Connecticut law, Connecticut General Statutes Section 31-68 *et seq.* and Connecticut Public Act 15-86 that they are entitled to recover from the Defendants: (1) double unpaid minimum wages, (2) double unpaid overtime compensation, (3) pre-judgment and post-judgment interest, and (4) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the the Connecticut Minimum Wage Act claims pursuant to 28 U.S.C. § 1367(a).

6.   Venue is proper in the District of Connecticut pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## **PLAINTIFFS**

7.   From on or about May 13, 2016 to June 30, 2018, Plaintiff ZHENHAI WEI was employed by Defendants to work as a sorter and wok fry cook at 435 Hartford Turnpike, Vernon, CT 06066.

8.   From on or about October 09, 2017 to June 28, 2018, Plaintiff FANGQIONG ZHONG was employed by Defendants to work as a Sorter and miscellaneous worker at 435 Hartford Turnpike, Vernon, CT 06066.

9.   From on or about September 05, 2017 to July 01, 2018, Plaintiff JUNJIE ZHU was employed by Defendants to work as a Chef at 435 Hartford Turnpike, Vernon, CT 06066.

10.   From on or about March 20, 2018 to June 30, 2018, Plaintiff FANHE MENG was employed by Defendants to work as a Dishwasher and miscellaneous worker at 435 Hartford Turnpike, Vernon, CT 06066.

## **DEFENDANTS**

*Corporate Defendants*

11.   Defendant SICHUAN PEPPER INC d/b/a Sichuan Pepper is a domestic business corporation organized under the laws of the State of Connecticut with its principal place of business in Vernon, Connecticut with its principal address at 435 Hartford Turnpike, Vernon, CT 06066.

12. SICHUAN PEPPER INC d/b/a Sichuan Pepper is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

13. SICHUAN PEPPER INC d/b/a Sichuan Pepper purchased and handled goods moved in interstate commerce.

*Owner/Operator Defendants*

14. Owner/ Operator Defendant MICHAEL SHIEH, known as "Boss" to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

15. Upon personal knowledge of Plaintiff, Owner/ Operator Defendant MICHAEL SHIEH acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, and the regulations thereunder, and is jointly and severally liable with SICHUAN PEPPER INC d/b/a Sichuan Pepper.

16. Owner/ Operator Defendant "JANE" YE, known as "Lady Boss" and "Little Ye Sister" to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

17. Upon personal knowledge of Plaintiff, Owner/ Operator Defendant "JANE" YE acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, and the regulations

thereunder, and is jointly and severally liable with SICHUAN PEPPER INC d/b/a Sichuan Pepper.

18. MICHAEL SHIEH and "JANE" YE together hired and fired Plaintiff ZHENHAI WEI and FANHE MENG.

19. MICAHEL SHIEH hired and fired JUN JIE ZHU.

20. "JANE" YE hired FANGQIONG ZHONG.

## STATEMENT OF FACTS

21. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

22. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees at least the Connecticut minimum wage for each hour worked.

23. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

24. While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

25. Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

26. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

27. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

28. Defendants knew that the nonpayment of overtime pay would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

*Plaintiff ZHENHAI WEI*

29. From on or about May 13, 2016 to June 30, 2018, Plaintiff ZHENHAI WEI was employed by Defendants to work as a sorter and wok fry cook at 435 Hartford Turnpike, Vernon, CT 06066.

30. From on or about May 13, 2016 to November 12, 2017, Plaintiff ZHENHAI WEI was a sorter.

31. From on or about November 13, 2017 to June 30, 2018, Plaintiff ZHENHAI WEI was a wok fry cook.

32. From on or about May 13, 2016 to June 30, 2018, Plaintiff ZHENHAI WEI's regular work schedule ran from 10:30 to 21:30 for eleven (11) hours per day for three (3) days on Mondays through Thursdays; from 10:30 to 22:00 for eleven and a half (11.5) hours on Fridays; from 10:40 to 22:00 for eleven and a third (11 1/3) hours on Saturdays, and from 10:40 to 21:00 for ten and a third (10 1/3) hours on Sundays for a total of sixty-six (66) hours each week.

33. At all relevant times, Plaintiff ZHENHAI WEI did not have a fixed time for breakfast, lunch, or dinner.

34. In fact, Plaintiff ZHENHAI WEI had around ten (10) minutes to eat and even then he was on call, meaning that if customer's order came, his break stopped and he had to cook.

35. From on or about May 13, 2016 to December 31, 2016, Plaintiff ZHENHAI WEI was paid flat compensation at a rate of two thousand seven hundred dollars ($2700.00) per month.

36. From on or about January 01, 2017 to June 30, 2017 , Plaintiff ZHENHAI WEI was paid flat compensation at a rate of two thousand eight hundred dollars ($2800.00) per month.

37. From on or about July 01, 2017 to December 31, 2017, Plaintiff ZHENHAI WEI was paid flat compensation at a rate of three thousand dollars ($3000.00) per month.

38. From on or about January 01, 2018 to January 31, 2018, Plaintiff ZHENHAI WEI was paid flat compensation at a rate of three thousand four hundred dollars ($3400.00) per month.

39. From on or about February 01, 2018 to April 30, 2018, Plaintiff ZHENHAI WEI was paid flat compensation at a rate of three thousand five hundred dollars ($3,500.00) per month.

40. From on or about May 01, 2018 to June 30, 2018, Plaintiff ZHENHAI WEI was paid flat compensation at a rate of three thousand eight hundred dollars ($3,800.00) per month.

41. Throughout his employment, Plaintiff ZHENHAI WEI was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

*Plaintiff FANGQIONG ZHONG*

42. From on or about October 09, 2017 to June 28, 2018, Plaintiff FANGQIONG ZHONG was employed by Defendants to work as a Sorter and miscellaneous worker at 435 Hartford Turnpike, Vernon, CT 06066.

43. From on or about October 09, 2017 to June 28, 2018, Plaintiff FANGQIONG ZHONG's regular work schedule ran from 10:30 to 21:30 for eleven (11) hours per day for three (3) days on Mondays through Thursdays; from 10:30 to 22:00 for eleven and a half (11.5) hours on Fridays; from 10:40 to 22:00 for eleven and a third (11 1/3) hours on Saturdays, and from 10:40 to 21:00 for ten and a third (10 1/3) hours on Sundays for a total of sixty-six and one sixth (66 1/6) hours each week.

44. Further, Plaintiff had to stay past her regularly scheduled work hours for between ten (10) to thirty (30) minutes around ten (10) times each year.

45. At all relevant times, Plaintiff FANGQIONG ZHONG did not have a fixed time for breakfast, lunch or dinner.

46. In fact, Plaintiff FANGQIONG ZHONG had around ten (10) minutes to eat and even then she was on call, meaning that if customer's order came, her break stopped and she had to continue to work.

47. From on or about October 09, 2017 to June 28, 2018, Plaintiff FANGQIONG ZHONG was paid flat compensation at a rate of three thousand dollars ($3000.00) per month.

48. At all relevant times, Plaintiff FANGQIONG ZHONG was not paid overtime pay

for overtime work.

### *Plaintiff JUNJIE ZHU*

49. From on or about September 05, 2017 to July 01, 2018, Plaintiff JUNJIE ZHU was employed by Defendants to work as a Chef at 435 Hartford Turnpike, Vernon, CT 06066.

50. From on or about September 05, 2017 to July 01, 2018, Plaintiff JUNJIE ZHU's regular work schedule ran from 10:30 to 21:30 for eleven (11) hours per day for three (3) days on Mondays through Thursdays; from 10:30 to 22:00 for eleven and a half (11.5) hours on Fridays; from 10:40 to 22:00 for eleven and a third (11 1/3) hours on Saturdays, and from 10:40 to 21:00 for ten and a third (10 1/3) hours on Sundays for a total of sixty-six and one sixth (66 1/6) hours each week.

51. At all relevant times, Plaintiff JUNJIE ZHU did not have a fixed time for breakfast, lunch or dinner.

52. In fact, Plaintiff JUNJIE ZHU had around ten (10) minutes to eat and even then he was on call, meaning that if customer's order came, his break stopped and he had to cook.

53. From on or about September 05, 2017 to January 31, 2018, Plaintiff JUNJIE ZHU was paid flat compensation at a rate of two thousand two hundred dollars ($2200.00) per month.

54. From on or about February 01, 2018 to February 28, 2018, Plaintiff JUNJIE ZHU was paid flat compensation at a rate of two thousand three hundred dollars ($2300.00) per month.

55. From on or about March 01, 2018 to July 01, 2018, Plaintiff JUNJIE ZHU was paid flat compensation at a rate of two thousand four hundred dollars ($2400.00) per month.

56. At all relevant times, Plaintiff JUNJIE ZHU was not paid overtime pay for overtime work.

*Plaintiff FANHE MENG*

57. From on or about March 20, 2018 to June 30, 2018, Plaintiff FANHE MENG was employed by Defendants to work as a Dishwasher and miscellaneous worker at 435 Hartford Turnpike, Vernon, CT 06066.

58. From on or about March 20, 2018 to June 30, 2018, Plaintiff FANHE MENG's regular work schedule ran from 10:30 to 21:30 for eleven (11) hours for four (4) days on Mondays through Thursdays, for forty four (44) hours a week; from 10:30 to 22:00 for eleven and a half (11.5) hours on Fridays; from 10:40 to 22:00 for eleven and a third (11 1/3) hours on Saturdays for a total of sixty-six and five sixth (66 5/6) hours each week.

59. At all relevant times, Plaintiff FANHE MENG did not have a fixed time for breakfast, lunch, or dinner.

60. From on or about March 20, 2018 to June 30, 2018, Plaintiff FANHE MENG was paid flat compensation at a rate of two thousand three hundred dollars ($2300.00) per month.

61. At all relevant times, Plaintiff FANHE MENG was not paid overtime pay for overtime work.

## COLLECTIVE ACTION ALLEGATIONS

62. Plaintiffs bring this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised

hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

63. Plaintiffs bring their Connecticut Minimum Wage Act of 1968 claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two years before the filing of the Complaint in this case as defined herein (the "Class Period").

64. All said persons, including Plaintiffs, are referred to herein as the "Class."

65. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

66. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

67. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

      a.      Whether Defendant employed Plaintiffs and the Class within the meaning of the Connecticut law;

      b.      Whether Plaintiffs and Class members are entitled to and paid minimum wage and overtime under the CMWA;

      c.      At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

*Typicality*

68.      Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

69.      Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

*Superiority*

70.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where

individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

71.     Upon information and belief, Defendants and other employers throughout the state violate the CMWA. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a

degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violations of the Fair Labor Standards Act—Unpaid Wage
### Brought on behalf of the Plaintiffs and the FLSA Collective]

72. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

73. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs in full, and the similarly situated collective action members, for some or all of the hours they worked.

74. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

75. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

### COUNT II.
### [CMWA Minimum Wage Violations
### On Behalf of Plaintiffs and Rule 23 Class]

76. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of Conn. Gen. Stat. §31-58(f).

77. This claim is brought individually on behalf of the named Plaintiffs as well as on behalf of the Class.

78. Defendants willfully violated the rights of Plaintiffs and all other members of the Connecticut Class by failing to pay minimum fair wage for all hours worked in violation of Conn. Gen. Stat. §31-62.

79. Defendants willfully violated the rights of Plaintiffs and all other members of the Connecticut Class by unlawfully deducting from employees' minimum fair wage by requiring delivery employees to pay out of pocket for gasoline and automobile expenses in violation of Conn. Gen. Stat. §31-62-E7.

80. Defendants willfully failed to distribute records of hours worked, earnings, and overtime to the restaurant workers, in violation of Conn. Gen. Stat. §31-13a.

81. Defendants willfully failed to keep records of hours worked by the restaurant workers, in violation of Conn. Gen. Stat. §31-66.

82. Based upon the foregoing, Defendants' conduct in this regard was a willful violation of the CMWA, and entitles Plaintiffs and all other members of the Connecticut Class to compensation for all hours worked at the full minimum wage, penalty damages, interest, and court costs.

1. Defendants' conduct in failing to pay Plaintiffs and all other members of the Connecticut Class their earned compensation was unreasonable, arbitrary and/or in bad faith, in that Defendants knew or should have known that they were entitled to be paid the full fair minimum wage for all hours worked, but failed to do so. Accordingly, Plaintiffs and all other members of the Connecticut Class are entitled to compensation for all hours worked at the full fair minimum wage, penalty damages, attorneys' fees, and court costs.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiffs and the FLSA Collective]

83. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

84. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

85. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

86. Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

87. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

88. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

89. Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and

FLSA Collectives' labor.

90. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT IV.
### [CMWA Overtime Violations
### On Behalf of Plaintiffs and Rule 23 Class]

91. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of Conn. Gen. Stat. §31-58(f).

92. This claim is brought individually on behalf of the named Plaintiffs as well as on behalf of the Class.

93. Defendants willfully violated the rights of Plaintiffs and all other members of the Connecticut Class by failing to pay overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of Conn. Gen. Stat. §31-76c.

94. Defendants willfully failed to distribute records of hours worked, earnings, and overtime to the restaurant workers, in violations of Conn. Gen. Stat. §31-13a.

95. Defendants willfully failed to keep records of hours worked by the restaurant workers, in violation of Conn. Gen. Stat. §31-66.

96. Based upon the foregoing, Defendants' conduct in this regard was a willful violation of the CMWA, and entitles Plaintiffs and all other members of the Connecticut Class to overtime compensation for all hours worked in excess of forty per week at one and one-half times the regular rate, penalty damages, interest, and court costs.

97. Defendants' conduct in failing to pay Plaintiffs and all other members of the Connecticut Class their overtime compensation was unreasonable, arbitrary and/or in bad faith, in that Defendants knew or should have known that they were entitled to be paid for all hours worked in excess of forty per week at one and one-half times the regular rate, but failed to do so. Accordingly, Plaintiffs and all other members of the Connecticut Class are entitled to compensation for all hours worked at one and one-half times the regular rate, penalty damages, attorneys' fees, and court costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, and on the behalf of the FLSA Collective and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

  d)  A declaratory judgment that the practices complained of herein are unlawful under FLSA and CMWA;

  e)  An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

  f)  An award of unpaid minimum wage and overtime wages due under FLSA and CMWA due Plaintiffs and the Collective Action members plus compensatory and liquidated damages;

  g)  An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

  h)  An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b);

  i)  The cost and disbursements of this action;

  j)  An award of prejudgment and post-judgment fees;

  k)  Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: March 26, 2019
   Flushing, New York

                TROY LAW, PLLC
                *Attorneys for the Plaintiff, proposed FLSA Collective and Proposed Class Plaintiffs*
                By:  /s/ John Troy
                John Troy (JT0481)
                41-25 Kissena Boulevard Suite 119
                Flushing, NY 11355
                Tel: (718) 762-1324
                Email: johntroy@troypllc.com

CONOVER LAW OFFICES
*Attorneys for the Plaintiff, proposed FLSA Collective and Proposed Class Plaintiffs*

By: ___/s/ Bradford D. Conover_____
Bradford D. Conover, Esq. (CT-01741)
345 Seventh Avenue, 21st Floor
New York, New York 10001
Tel: (212) 588-9080
Email: brad@conoverlaw.com