UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WEI, et al,<br>    *Plaintiffs,*<br>        v.<br><br>SICHUAN PEPPER, INC., et al,<br>    *Defendants.* | Criminal No. 3:19cv525 (JBA)<br><br>January 12, 2021 |

## ENDORSEMENT ORDER

On November 13, 2020, the Court entered an Order denying Attorney Hang's Motion to Withdraw as Counsel for Defendants Sichuan Pepper, Inc., Michael Shieh, and "Jane" Ye due to the disruption his withdrawal would cause to this litigation. ([Doc. # 60].) Attorney Hang filed a Motion for Reconsideration pursuant to Local Rule 7(c) of Civil Procedure. ([Doc. # 61].) Rule 7 provides that motions for reconsideration "will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial order." D. Conn. L. R. 7(c)(1). A motion for reconsideration is not an appropriate vehicle to relitigate old issues or otherwise "tak[e] a second bite at the apple." *Wilmington Savs. Fund Soc'y v. Universitas Educ., LLC*, No. 15-cv-00911 (VLB), 2017 WL 945019, at *3 (D. Conn. Mar. 9, 2017) (internal quotation marks omitted). The fact that Attorney Hang represents that Defendants Sichuan Pepper, Inc., Michael Shieh, and Jane Ye will not be opposing entry of a default judgment against them is not new. Moreover, Attorney Hang's unexcused absence from the pre-filing conference held January 6, 2021, hampered the Parties and the Court in setting an informed discovery and motions schedule, including on Defendant Tian's crossclaim against Defendants. Attorney Hang's representation of his Defendants will continue to be required since he has not identified any controlling decisions or factual circumstances that the Court overlooked in its decision, and his Motion for Reconsideration [Doc. # 60] is DENIED.

IT IS SO ORDERED.

   /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 12th day of January 2021.