UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WEI, *et al.*,<br>　　　*Plaintiffs*,<br><br>　　　v.<br><br>SICHUAN PEPPER, INC., *et al.*,<br><br>　　　*Defendants.* | Civil No. 3:19-cv-525 (JBA)<br><br>June 15, 2022 |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

On February 7, 2022, the Court adopted Magistrate Judge Farrish's Recommended Ruling on Plaintiffs' Motion for Default Judgment, finding Defendants Sichuan Pepper, Inc., Michael Shieh, and Jane Ye liable for damages, attorneys' fees, and costs [Doc. # 110]. Plaintiffs also brought claims against Defendant Tian LLC as a successor to Sichuan Pepper, Inc. (*See* Am. Compl. [Doc. # 54].) On May 24, 2022, default was entered against Tian LLC after its attorneys' motion to withdraw was granted and Tian LLC failed to obtain substitute counsel [Doc. # 129]. Plaintiffs now move for default judgment against Tian LLC.

District courts are imbued with the "sound discretion" to decide motions for default judgment. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). On a motion for default judgment, a court must resolve whether a complaint establishes liability, accepting all well-pleaded allegations as true. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d. Cir. 1992).

Plaintiffs' Amended Complaint alleges "upon information and belief" that ownership of Defendant Sichuan Pepper, Inc. was transferred to Defendant Tian LLC in or about January 2020, and that there is a "substantial continuity in the business" between the two entities, including continuity in the "physical location, assets, general business operations, clientele, equipment and advertising." (Am. Compl. ¶¶ 60-70.) Count Five specifies that "on

information and belief," Tian LLC had "knowledge of" the claims against Sichuan Pepper, Inc., "purchased all of the assets of" Sichuan Pepper, Inc., and "continued the business . . . without interruption." (*Id.* ¶¶ 110-14.) Moreover, Plaintiffs allege that "on information and belief," Tian LLC has "the same employees doing the same jobs, with the same working conditions and while maintaining the same business address" as Sichuan Pepper. (*Id.* ¶ 115.)

The contract for sale of the business was entered into in or around November 2019. (Contract [Doc. # 85-3] at 1.) It states that the names of all creditors and all persons known to have asserted claims against Sichuan Pepper, Inc. would be provided to Tian LLC. (*Id.* ¶ 7.) However, the contract expressly represents that there were no creditors or claimants against Sichuan Pepper, Inc. (*Id.* at 3.)

Traditionally, "a corporation that purchases the assets of another corporation is generally not liable for the seller's liabilities," but may become liable through a theory successor liability. *Medina v. Unlimited Sys., LLC*, 760 F. Supp. 2d 263, 266 (D. Conn. 2010). The test for successor liability under the FLSA is unresolved within the Second Circuit. *Id.*; *see also Li v. New Ichiro Sushi Inc. (Li II)*, Nos. 20-1783-cv, 20-1785-cv, 2021 WL 6105491, at *2 (2d Cir. Dec. 21, 2021) ("We have not previously decided whether the substantial continuity test or the traditional test applies to FLSA claims. We decline to do so today . . . ."). As such, three tests may apply: "the traditional common law successor liability rule and exceptions; the broader 'substantial continuity' standard that the [United States] Supreme Court has endorsed in some federal labor law cases, and the Connecticut state common law standard." *Medina*, 760 F. Supp. 2d at 266; *Garcia v. Serpe*, No. 3:08cv1662(VLB), 2012 WL 380253, at *11 (D. Conn. Feb. 6, 2012); *see also Vasquez v. Ranieri Cheese Corp.*, No. 07–CV–464–ENV–VVP, 2010 WL 1223606, at *10 (E.D.N.Y. Mar. 26, 2010) ("While the Second Circuit has not explicitly adopted a test for finding successor liability in the FLSA context, at least one district court in the Circuit has applied New York's common law successor liability test

. . . in determining whether liability for a predecessor corporation's overtime and wage violations should be imposed on a successor corporation.").

Under traditional common law, a purchasing corporation that is a "mere continuation" of the seller may be liable for the seller's assets where there is "identity of stock, stockholders, and directors between the successor and predecessor corporations." *Medina*, 760 F. Supp. 2d at 266. "Continuity of ownership is the key factor" under common law. *Id.* Next, the "substantial continuity" test, endorsed by some federal labor law cases, is more flexible, assessing "the totality of the circumstances of a given situation." *Li II*, 2021 WL 6105491, at *2. Courts under the "substantial continuity test" consider:

> (1) whether the new business has sufficient "continuity in operations and work force of" the previous business to qualify as its successor; (2), whether there was "notice to the successor-employer of its predecessor's legal obligation"; and (3), whether "[the predecessor is able] to provide adequate relief directly," such that it would be unfair to place that obligation on the successor.

*Li v. New Ichiro Sushi, Inc. ("Li I")*, No. 14-cv-10242 (AJN), 15-cv-414 (AJN), 2020 WL 2094095, at *4 (S.D.N.Y. Apr. 30, 2020). Finally, while no Connecticut Supreme Court decision has defined the requirements of successor liability, under Connecticut common law it may arise where "(1) a purchaser expressly or impliedly agrees to assume the liabilities of the seller; (2) the purchaser is a mere continuation of the seller; (3) the companies merge; or (4) the transaction is entered into fraudulently to escape liability." *Medina*, 760 F. Supp. 2d at 270.

Plaintiffs attempt to establish successor liability under the Connecticut common law standard. They do not specifically argue why Connecticut common law should be the proper

3

standard.[1] However, because this case involves unpaid minimum wages and overtime wages for a business in Connecticut, the Court will apply the broader Connecticut test to Plaintiffs' claims. *C.f. Vasquez*, 2010 WL 1223606, at *10.

Plaintiffs argue that, under Connecticut law, Tian LLC is a "mere continuation" of Sichuan Pepper, Inc. (Pls.' Mem. at 7-8.) In considering whether a business is a "mere continuation," Connecticut courts consider any "continuity of management, personnel, physical location and general business operations; continuity of shareholders; cessation of the predecessor business shortly after the successor entity is formed; and whether the purchaser business holds itself out as the effective continuation of the seller." *Medina*, 760 F. Supp. 2d at 270 (collecting cases). All factors do not need to be established. *Id.*

The Amended Complaint alleges that Sichuan Pepper and Tian LLC have the same "employees doing the same jobs, with the same working conditions and while maintaining the same business address." (Am. Compl. ¶ 115.) The Court notes that Plaintiffs' first contention, that Tian LLC has the same employees working in the same jobs, appears contradicted by the Amended Complaint—the four named Plaintiffs worked at Sichuan Pepper, Inc. from May 2016 to July 2018, while Sichuan Pepper was not transferred to Tian LLC until January 2020. But accepting Plaintiffs' other allegations as true, the two entities have the same name, business address, assets, operations, clientele, equipment, and advertising. (Am. Compl. ¶¶ 71, 114-15.) These allegations demonstrate that Tian LLC is

---

[1] Indeed, Plaintiffs' claim would fail under the traditional common law test or the substantial continuity test. Plaintiffs have neither demonstrated any continuity in ownership of the businesses to satisfy the traditional common law test nor notice to Tian LLC of its predecessor's legal obligation to satisfy the substantial continuity test. In fact, the contract for sale of the business specifically states that there were no creditors or claimants against Sichuan Pepper, LLC, obviating any argument that Tian LLC had notice of the claims against Sichuan Pepper, LLC.

4

holding itself out as the continuation of Sichuan Pepper, LLC, and as such, the Court finds that Tian LLC is a "mere continuation" of Sichuan Pepper subject to successor liability. *S. Conn. Gas Co. v. Waterview of Bridgeport Ass'n, Inc.,* No. CV054005335, 2006 WL 1681005 (Conn. Super. Ct. June 1, 2006) ("Although the plaintiff has not proven continuity of management or personnel, there is sufficient evidence with regard to the remaining factors to show that the defendant was a 'mere continuation' of its predecessor.").

Accordingly, Plaintiffs' motion for Default Judgment [Doc. # 132] is GRANTED and judgment by default shall be entered against Tian LLC.[2]  The Clerk is requested to close this case.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut:    June 15, 2022

---

[2]  The FLSA damages awarded against Sichuan Pepper, Inc. in the amount of $95,869.06 are attributed to Tian LLC as Sichuan Pepper, Inc.'s successor.